IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in his official capacity as Ethics VP,
TERRY JEFFERSON, individually, and in his official capacity as HR Manager,
FRANCINE LESSARD, individually, and in his official capacity as EEO Director,
GRANT CASSLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in his official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

**ORDER**

    This matter is before the court on Plaintiff's "First Amended Motion to Set Aside Order for Extension of Time; First Amended Response in Opposition to Motion for Extension of Time; Motion to Expedite & Set Hearing; Motion to Prevent Prejudice & Exclude Answer to Complaint; Motion for Clarification; Motion for Relief from Order; Motion to Stay Answer to Complaint" (Doc. No. 19, filed January 7, 2009). In his motion, Plaintiff requests that the court: (1) set aside its December 19, 2008, minute order granting Defendants' opposed motion for

extension of time to respond to Plaintiff's Complaint; (2) order the defendants not to produce an answer to the Complaint; and (3) set a hearing on this motion immediately.

Plaintiff filed his Complaint on November 18, 2008. (Doc. No. 1.) On December 18, 2008, Defendant Lockheed Martin Corporation ("Lockheed Martin") filed its motion for an extension of time to January 21, 2009, to respond to the Complaint. (Doc. No. 7.) In its motion, Defendant Lockheed Martin stated it had been served on December 1, 2008, making its answer due on December 22, 2008. (*Id.* ¶¶ 1–2.) Defendant Lockheed Martin indicated in its motion that the plaintiff opposed the extension sought. (*Id.* ¶ 9.) On December 19, 2008, this court entered a minute order granting Defendant Lockheed Martin an extension until January 21, 2009, to respond to the Complaint. (Doc. No. 9.)

On December 22, 2008, Plaintiff filed a motion to set aside the order granting Defendant Lockheed Martin an extension of time to file its answer or otherwise respond to the Complaint. (Doc. No. 10.) Plaintiff also filed a motion for entry of default against all defendants (Doc. No. 11) and for default judgment against all defendants (Doc. No. 12). On December 23, 2008, this court entered a minute order denying Plaintiff's motion to set aside the order granting Defendant Lockheed Martin an extension to file its answer to the complaint. (Doc. No. 14.) On December 24, 2008, the Clerk of Court filed its note that default would not be entered on the defendants because there was no proof of service under the rules of service of the summons and complaint, Federal Rules of Civil Procedure, and, with respect to Defendant Lockheed Martin, because this court had granted the defendant an extension until January 21, 2009, to file an answer to the Complaint. (Doc. No. 15.) On December 25, 2008, Plaintiff filed another motion to set aside

2

the order granting Defendant Lockheed Martin an extension of time to file its answer (Doc. No. 16) which this court again denied by minute order on January 5, 2009 (Doc. No. 18). On January 7, 2009, Plaintiff filed his third motion, the motion at issue, to set aside the order granting Defendant Lockheed Martin an extension of time to file its answer. (Doc. No. 19.)

Rule 4(h)of the Federal Rules of Civil Procedure states:

> [A] domestic . . . corporation . . . must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by <u>delivering</u> a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process <u>and</u>—if the agent is one authorized by statute and the statute so requires—by <u>also mailing</u> a copy of each to the defendant.

Fed. R. Civ. P. 4(h) (2008) (emphasis added). Rule 4(e)(1) states that an individual may be served by following state law for serving a summons in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1) (2008). Therefore, Plaintiff must follow Colorado state law for serving a summons.

The Colorado Rules of Civil Procedure state that service upon any form of corporation shall be by delivering a copy of the summons and complaint to the registered agent. C.R.C.P. 4(e)(4) (2008). Furthermore, except as otherwise provided by state law, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem. C.R.C.P. 4(g). Finally, the Federal Rules of Procedure require that, unless

3

service is waived, proof of service be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l).

Defendant Lockheed Martin filed its motion for an extension of time to respond to the Complaint on December 18, 2008. (Doc. No. 7.) Defendant Lockheed Martin stated it had been served on December 1, 2008, making its answer due on December 22, 2008. (*Id.*, ¶¶ 1–2.) Without waiting for a response from Plaintiff, this court granted Defendant's motion, allowing the defendant until January 21, 2009 to file its answer. (Doc. No. 9.) In Plaintiff's original motion to set aside the order for extension of time, he argues that he sent the Summons and Complaint by mail through the United States Postal Service to Defendants' agent in Denver, and that it was received on November 26, 2008, and therefore its answer to the Complaint was due December 16, 2008. (Doc. No. 10, ¶¶ 3, 5; Attach. 1.) He further asserts that the motion does not comply with the civil practice standards set forth by Judge Blackburn because Defendant has not shown the "rare and exceptional" or "unanticipated and unavoidable" circumstances required for granting an extension; Defendant stated inconvenience to counsel or to the parties, press of business, and conflicts in scheduling; and Defendant filed its motion later than three business days prior to the date the answer was due, which Plaintiff again asserts was December 16. (*Id.*, ¶ 6.) Plaintiff states Defendant misrepresented to the court that the motion for extension of time was unopposed and failed to show good cause (*Id.*, ¶¶ 6–7.)

Service of a corporation by mail is not proper service under the Federal or Colorado Rules of Civil Procedure, which require delivery of the summons and complaint to the registered agent. Moreover, Plaintiff has failed to file proof of service as required by Rule 4(l) of the

4

Federal Rules of Civil Procedure. There is no proof that service was made on November 26, 2008, as Plaintiff asserts, and, therefore, there is no proof that Defendants' answer to the Complaint was due on December 16, 2008. Therefore, the Clerk of Court properly denied Plaintiff entry of default against Defendants in its Clerk's Note dated December 24, 2008. (Doc. No. 15.)

As Plaintiff had filed no proof of service as of the filing of Defendant's motion for an extension of time, the court relied on the representation made by Defendant that it had been served on December 1, 2008, making its response due December 22, 2008. Defendant's assertions that it needed an extension of time to answer because of the fact that Plaintiff's Complaint includes 305 separately-numbered allegations and 43 claims for relief and that it needed time fully to investigate and address the issues and law are, in this court's view, good cause for the extension. Having shown good cause, this court would have granted Defendant's motion for an extension of time even if the Defendant had <u>not</u> asserted a need due to previously scheduled vacation days and the holiday schedule. Although Defendant filed its motion later than three days prior to the date the answer would have been due, the scheduling conference had previously been set for February 10, 2009. Therefore, the extension of time granted to Defendant Lockheed Martin will not adversely affect case management. Finally, Defendant did state in its motion that Plaintiff objected to the motion and thus did not misrepresent that fact to the court. (Doc. No. 7, ¶ 9.)

Accordingly, Plaintiff's "First Amended Motion to Set Aside Order for Extension of Time; First Amended Response in Opposition to Motion for Extension of Time; Motion to

5

Expedite & Set Hearing; Motion to Prevent Prejudice & Exclude Answer to Complaint; Motion for Clarification; Motion for Relief from Order; Motion to Stay Answer to Complaint" (Doc. No. 19) is DENIED.

Dated this 8th day of January, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge