IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-02522-REB-KMT

CHRISTOPHER E. STONE

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, ET AL.

    Defendants.

---

**DEFENDANT LOCKHEED MARTIN CORPORATION'S
MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS**

---

Defendant Lockheed Martin Corporation (LMC) moves the Court to stay discovery, including the exchange of initial disclosures, until after the Court has ruled on LMC's Motion to Dismiss.

### I.    BACKGROUND

On November 17, 2008, Plaintiff Christopher E. Stone, who appears *pro se,* filed a 75-page complaint asserting 43 separate claims for relief against LMC related to his two-and-a-half-year employment with LMC. [Docket No. 1, ¶ 4] (cited to as "Compl."). Stone seeks injunctive relief and over $638 million in damages on behalf of himself and apparently thousands of other LMC employees. *Id.* ¶¶ 278-306; *see also* **Exhibit A** at page 2 (a true and correct copy of Stone's damages estimates, e-mailed to counsel for

DEN-1455-3

1

LMC on January 25, 2009).

On January 21, 2009, LMC filed a motion seeking dismissal of the entire complaint under FED. R. CIV. P. 8(a)(2) and 12(b)(6). [Docket No. 35]. As that motion explains, Stone's complaint is so vague, conclusory and sweeping that LMC has no real notice of the claims against it and, thus, no way of knowing how to answer the complaint or even conduct an investigation. *Id.* Additionally, several claims are either not recognized under Colorado law or are wholly inapplicable in the employment setting. *Id.*

On January 23, 2009, Stone and counsel for LMC conferred in person pursuant to FED. R. CIV. P. 26(f). When pressed to explain the topics and scope of discovery that Stone would be seeking, Stone said he would be seeking "everything" that related to him or his "issues." Despite counsel's urging, Stone did not explain what evidence he felt would be relevant and refused even to narrow or define what his "issues" were. Stone also stated that he would seek "extensive" electronic discovery and planned to ask the Court for 250 separate requests for production in the scheduling order. Later that same day, Stone filed an "Emergency Motion to Preserve Evidence," to which he attached 147 broad, burdensome requests for production. [Docket No. 33-2, Exhibit A].

LMC now moves the Court for a stay on discovery until a ruling on the Motion to Dismiss. A stay is needed to protect LMC from undue burden and expense and to avoid wasting the Court's resources on discovery that may very well be unnecessary.

## II. ARGUMENT

### A. Discovery Should Be Stayed Pending Resolution of the Motion to Dismiss

Courts have broad discretion to stay discovery while a motion to dismiss pending. *See Gaines v. Ski Apache,* 8 F.3d 726, 730-31 (10th Cir. 1993) (affirming both dismissal and stay of discovery pending ruling on dismissal); *see also Small v. Astrue,* No. 08-cv-01864-LTB-KLM, 2009 WL 130334, at *1 (D. Colo. Jan. 20, 2009) (unpublished opinion, attached as Appendix A) (citing to *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, at*2 (D. Colo. Mar. 30, 2006)). Indeed, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Sunrise Med. HHG, Inc. v. Giampapa,* No. 07-cv-01990-MSK-KMT, 2008 WL 2228663 (D. Colo. May 27, 2008) (unpublished opinion, attached as Appendix B) (relying on FED. R. CIV. P. 26(c) to stay discovery pending ruling on motion to dismiss and alternative motion for more definite statement). In considering a motion to stay discovery, "the Court balances the Plaintiff's desire to proceed expeditiously against the burden on [the defendant] of proceeding forward." *Small,* 2009 WL 130334, at * 1. "The Court also considers its own convenience, the interest of non-parties, and the public interest in general." *Id.; Giampapa,* 2008 WL 2228663, at *2. "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) (citation and internal quotation

marks omitted).

The Court should enter a stay of all discovery pending a ruling on LMC's Motion to Dismiss. First, the Motion to Dismiss should dispose of this entire case or, at a minimum, drastically reduce the number and scope of the claims. A stay, therefore, is needed to protect LMC from unduly burdensome discovery that will in all likelihood prove unnecessary. Second, discovery has barely commenced and Stone will not be prejudiced by a temporary stay. Moreover, a stay will benefit both parties no matter how the Court ultimately rules on the Motion to Dismiss; a ruling will surely narrow or at least clarify what issues are relevant in this case, making discovery more efficient and effective. Finally, a stay will avoid wasting the Court's own resources regarding discovery rulings in the event the Motion to Dismiss is granted.

### 1. Without a Stay of Discovery, LMC Will Be Unduly Burdened

Because the allegations in the complaint are vague, sweeping and speculative, discovery would be almost limitless absent a ruling on the Motion to Dismiss. Indeed, the complaint is so general and conclusory, it is likely to be dismissed. A stay, therefore, is needed to prevent all parties from pursuing and responding to wasteful discovery. *See GTE Wireless, Inc. v. Qualcomm, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) (noting that "[a]long with balancing the harms of staying discovery, the Court should take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted"); *see also First Constitution S'holders Litig.,* 145 F.R.D. 291, 293-94 (D. Conn. 1991) (granting stay of discovery pending ruling on motion to dismiss where discovery

was expected to be "unwieldy").

The complaint broadly alleges that LMC discriminated, retaliated, and committed other illegal acts against Stone throughout his entire employment with LMC. He claims to have been treated differently than other employees on several different, competing bases, including: his veteran status, his general advocacy work for veterans, his FMLA leave, his race, his sex, his disability, his age, his religion, and even his ownership of a small business. Compl. ¶¶ 123-171. The complaint, however, offers little to no explanation of how LMC treated Stone differently from other employees, leaving LMC to guess about the relevant topics for discovery. See, e.g., Compl. ¶¶ 47 (generally retaliated against), 49 ("reprisals"), 139 ("retaliated" against), 108 (denied protections and career benefits given to "others"), 115 (refused transfer or promotion "on the basis of race, color, age . . . sex, religion"), 116 ("discriminated against"), 141 ("treated worse than females in employment matters"), and 165 (age discrimination in "all positions he applied for"). Stone also vaguely asserts that LMC personnel made a series of promises and other false statements concerning his employment with LMC, but few of the "promises" offer sufficient information that would allow LMC to focus discovery or even conduct an investigation. See, e.g., Compl. ¶¶ 111-16, 121, 173-88, 194, 199, 211-23, 233-34. And few, if any, of the complaint's vague assertions are tied to the causes of action. See, e.g., Count 6 ¶ 141, Count 9, ¶ 147, Count 13, ¶ 160, Count 14, ¶ 162, Counts 27-28, ¶¶ 206, 209.

Stone has already propounded 147 meandering, unmoored requests for production that would require LMC to sift through mountains of questionably relevant

data pertaining to thousands of employees. *See, e.g.,* Docket No. 33-2, at Req. Nos. 17 ("All documents which relate to each of the allegations in Plaintiff's Complaint"), 39 ("All documents which constitute or refer to each of YOUR employees' specific job objectives related to diversity, affirmative action, or EEO which differ from the company-supplied general diversity performance objectives."), 60 ("Any and all DOCUMENTS that RELATE OR PERTAIN TO any of DEFENDANT's policies, guidelines or procedures regarding the handling of employee complaints of harassment, discrimination, retaliation, or family leave, which were in effect at any time between Nov 2005 and May 2008."), 69 ("Any and all DOCUMENTS that RELATE OR PERTAIN TO any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of unlawful activity, fraud, harassments, discrimination and/or retaliation, which were made by any person against any of YOUR managers, officers, supervisors or directors at any time between January 1,1990, and the present."), 70 ("Any and all DOCUMENTS that RELATE OR PERTAIN TO any jokes, parodies, gags, stories, or comments about the disabled, veterans, workers older than 40 years, Caucasians, or religion which were distributed, disseminated, viewed or discussed at the COMPANY"), and 134 ("Documents describing, constituting, summarizing, supporting or referring to the average hourly salary (including equivalent hourly salary paid to exempt employees) paid to YOUR employees in May 2008."). Additionally, Stone seeks over $638 million in damages against LMC, much of which he claims to be seeking on behalf of approximately 11,000 other LMC employees. (Exhibit A, pages 1-2). The damages claim alone would force LMC to conduct an exhaustive investigation into its entire workforce.

Because conducting and responding to discovery before a ruling on the Motion to Dismiss would cause undue burden and expense to LMC, discovery should be stayed. *See* FED. R. CIV. P. 26(c)(1); *see also First Constitution,* 145 F.R.D. at 293-94 (balance of interests weighed in favor of defendant where pending document requests were "comprehensive").

### 2. Stone Will Not Be Prejudiced by a Stay of Discovery

Second, Stone will not be prejudiced by a stay; indeed, a stay on discovery would likely benefit all parties to this case. A scheduling order has not yet been entered and apart from the 147 requests for production that Stone served only days ago, discovery has not commenced. A relatively short stay on the proceedings will not prejudice the prosecution of any valid claims. *See id.* at 294 (no prejudice against plaintiff or undue delay caused by stay pending summary judgment ruling). Moreover, even if the Motion to Dismiss is not granted in its entirety, the parties will benefit from the Court's ruling; the issues would almost certainly be narrowed, allowing the parties to litigate this case far more efficiently and effectively than is possible now. *See Hehl-Gomez v. NASA Space Ctr. Shuttle,* No. 08-cv-02152-MSK-MEH, 2008 WL 5216245, at *1 (D. Colo. Dec. 10, 2008) (unpublished opinion, attached as Appendix C) (over *pro se* plaintiff's objection, staying discovery pending ruling on motion to dismiss and alternative motion for more definite statement because the "parties would be able to proceed more efficiently and expeditiously" after a ruling on the motions and because burden on defendant in conducting and responding to discovery outweighed harm to plaintiff's interest in proceeding expeditiously").

### 3. A Stay is in the Court's Own Interests

Staying discovery is not only in the parties' interests, but also the Court's. If Stone's recent filings are any guide [*See, e.g.,* Docket Nos. 22 and 33], absent a stay or a ruling on the Motion to Dismiss, discovery will demand a significant amount of the Court's time - probably unnecessarily. *See Small,* 2009 WL 130334, at *1 (stating that "neither [the Court's] nor the parties' time is well-served by being involved in the struggle over the substance of the suit when, as here, a dispositive motion involving jurisdiction is pending") (citations and internal quotation marks omitted); *see also Chavous,* 201 F.R.D. at 5 (noting that staying discovery pending ruling on dispositive motion "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery"). A stay will preserve the Court's resources.[1]

### B. The Exchange of Initial Disclosures Should be Stayed or Extended

LMC additionally requests that the Court stay or extend the time in which the parties must serve their initial disclosures under FED. R. CIV. P. 26(a)(1). Under the Court's Order dated November 25, 2008 [Docket No. 6], Rule 26(a)(1) disclosures are to be made by February 3, 2009, prior to the Scheduling Conference (scheduled for February 10, 2009) and prior, presumably, to a ruling on this motion. For the same reason that LMC is unable to answer or fully investigate Stone's complaint, LMC is unable to sufficiently determine what initial disclosures must be made. Accordingly, LMC requests that the Court extend the time that Rule 26(a)(1) disclosures must be

---

[1] Because neither the interests of the public nor the interests of non-parties would be affected by a stay on discovery, these factors should not weigh in the Court's decision. *See Hehl-Gomez v. NASA Space Center Shuttle,* No. 08-cv-02152-MSK-MEH, 2008 WL 5216245, at *2 (D.Colo. Dec. 10, 2008).

exchanged until fourteen days after a ruling on this motion or fourteen days after a ruling on the Motion to Dismiss.

## III. CONCLUSION

WHEREFORE, LMC respectfully requests that the Court stay discovery in this case pending a ruling on LMC's Motion to Dismiss. Additionally, LMC requests that the Court stay or, alternatively, extend the time in which the parties must serve their initial disclosures under FED. R. CIV. P. 26(a)(1) until 14 days after a ruling on the Motion to Dismiss or 14 days after a ruling on this motion.

## IV. CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1.A., undersigned counsel certifies that counsel for LMC discussed the relief sought in this motion during the parties' Rule 26(f) conference and that Plaintiff opposes this Motion.

Dated this 28th day of January, 2009.

s/ Jason R. Prussman
Mary Hurley Stuart, Esq.
Jason R. Prussman, Esq.
HUSCH BLACKWELL SANDERS LLP
1700 Lincoln Street, Suite 4700
Denver, Colorado 80203
Phone Number: 303-749-7200
Fax Number: 303-749-7272
E-mail: Mary.Stuart@huschblackwell.com
        Jason.Prussman@huschblackwell.com
Attorneys for Defendant, Lockheed Martin Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on <u>this 29th</u> day of <u>January</u>, 2009, I electronically filed the foregoing, DEFENDANT LOCKHEED MARTIN CORPORATION'S
MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses: cs@isp.com; and I hereby certify that I have mailed or served the document or paper to the following by mail:

CHRISTOPHER E. STONE
1343 Chesham Circle
Colorado Springs, CO  80907

*Pro se* Plaintiff

<u>      /s/ Diane Sharp         </u>