**APPENDIX A**

Westlaw.

Slip Copy
Slip Copy, 2009 WL 130334 (D.Colo.)
(Cite as: 2009 WL 130334 (D.Colo.))

Page 1

HOnly the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court, D. Colorado.
Christine SMALL, Plaintiff,
v.
Michael J. ASTRUE, Commissioner, U.S. Social Security Administration, Defendant.
**Civil Action No. 08-cv-01864-LTB-KLM.**

Jan. 20, 2009.

Christine Small, Aurora, CO, pro se.
Jamie L. Mendelson, U.S. Attorney's Office, Denver, CO, for Defendant.

**ORDER**

KRISTEN L. MIX, United States Magistrate Judge.
*1 This matter is before the Court on **Defendant's Motion for a Stay** [Docket No. 29; Filed January 2, 2009] (the "Motion"). The Court has reviewed the Motion, Plaintiff's Response [Docket No. 35; Filed January 14, 2009], Defendant's Reply [Docket No. 37; Filed January 15, 2009], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED,** as set forth below.

Defendant moves this Court to vacate the Scheduling Conference currently set for January 28, 2009, and to stay all corresponding Fed.R.Civ.P. 26 deadlines until resolution of Defendant's pending Motion to Dismiss [Docket No. 28; Filed December 22, 2008].

Although a stay of discovery is generally disfavored in this jurisdiction, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed.R.Civ.P. 26(c).See String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955, at *2 (D.Colo. Mar.30, 2006).

In weighing the factors set forth in String Cheese for determining the propriety of a stay, the Court finds that a stay is appropriate here. Id. First, the Court balances the Plaintiff's desire to proceed expeditiously with her case against the burden on Defendants of proceeding forward. Id. Defendant has filed a Motion to Dismiss asserting, inter alia, that the Court lacks subject matter jurisdiction over Plaintiff's claims. Defendant has done more than offer conclusory assertions that jurisdiction is lacking-he has filed a Motion to Dismiss supported by legal analysis.[FN1] In such a circumstance, until jurisdiction can be established, the Court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have her case proceed expeditiously. See id.(finding "that subjecting a party to discovery when a motion to dismiss for lack of jurisdiction is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted"). The Court also notes that while Plaintiff apparently opposes the Motion, in her Response she offers no arguments as to why the case should not be stayed. See Response [# 35] at 1-5.

> FN1. Although the Motion to Dismiss has been referred to the Magistrate Judge, the Court takes no position as to whether Defendant's Motion to Dismiss should be granted, but merely notes that it appears that the Motion is based upon more than idle speculation.

The Court also considers its own convenience, the interest of non-parties, and the public interest in general. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion involving jurisdiction is pending. Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC, 508 F.3d 1062, 2007 WL 4165397, at *2 (D.C.Cir. Nov.27, 2007) (unpublished decision) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  Page 2
Slip Copy, 2009 WL 130334 (D.Colo.)
**(Cite as: 2009 WL 130334 (D.Colo.))**

Likewise, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Chavous,* 201 F.R.D. at 5. Finally, this case relates to Plaintiff's allegedly wrongful termination and there are no compelling nonparty or public interests triggered by the facts at issue. *See Complaint* [# 3] at 3-5.

**\*2** Accordingly, IT IS HEREBY **ORDERED** that on **Defendant's Motion for a Stay** [Docket No. 29; Filed January 2, 2009] is **GRANTED.** The Scheduling Conference set for January 28, 2009 is **VACATED** and the case is **STAYED,** until such time as the Court rules on Defendant's Motion to Dismiss.

D.Colo.,2009.
Small v. Astrue
Slip Copy, 2009 WL 130334 (D.Colo.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.