**APPENDIX B**

Westlaw.

Slip Copy
Slip Copy, 2008 WL 2228663 (D.Colo.)
(Cite as: 2008 WL 2228663 (D.Colo.))

Page 1

◪Only the Westlaw citation is currently available.
United States District Court, D. Colorado.
SUNRISE MEDICAL HHG, INC., a California Corporation, Plaintiff,
v.
Sally GIAMPAPA, Defendant.
**Civil Action No. 07-cv-01990-MSK-KMT.**

May 27, 2008.

Darren E. Nadel, Katie Shirley Dix, Littler Mendelson, PC, Denver, CO, for Plaintiff.
Joel Daniel Rapaport, Rapaport Law Office, Nilesh Choudhary, Choudhary Law Office, Gold River, CA, for Defendant.

### ORDER

KATHLEEN M. TAFOYA, United States Magistrate Judge.
*1 This matter is before the court on Defendant's Motion for a Protective Order Staying Discovery Pending Defendant's Motion to Dismiss or in the Alternative, a More Definite Statement [Doc. No. 31, filed April 11, 2008]. Plaintiff filed its objection on May 1, 2008 [Doc. No. 33] to which Defendant replied on May 14, 2008. [Doc. No. 37]. Attached to Plaintiff's Reply were the Calendar Minutes for May 6, 2008 of Judge Loren E. McMaster, Superior Court of California concerning case number 2008-00003357-CU-OE, *Sally Giampapa v. Sunrise Medical HHG, Inc.* ("McMaster Order" [Doc. No. 37-3] ).

Both this case and the California case arise out of the employment of Sally Giampapa, defendant herein, by Sunrise Medical HHG, Inc. ("Sunrise") as one of Sunrise's Northern California account managers beginning in July of 2005. As part of her employment, Giampapa was required to and did sign an agreement with Sunrise requiring that disputes arising out of her employment would be subject to the provisions of the employment contract containing a mediation and arbitration agreement.[FN1] Defendant was terminated in May of 2007 and disputes arose over that termination as well as the timely return of items of Sunrise's property by Giampapa.

> FN1. A copy of the arbitration agreement at issue is attached to Plaintiff's Motion to Dismiss or in the Alternative Motion for a More Definite Statement [Doc. No. 10] as Exhibit A to attachment one, the Affidavit of Sally Giampapa (hereinafter "ADR Agreement").

As a result of Ms. Giampapa's termination, she invoked her rights pursuant to the employment and arbitration agreement and requested mediation with Sunrise of all disputed issues. Before the mediation could be undertaken, Sunrise filed this complaint in the District of Colorado. Thereafter, Giampapa filed the California state action.

In this federal action, the Defendant filed a motion to dismiss the first complaint claiming, in summary, first that federal civil litigation is an improper remedy since the arbitration agreement required mediation and arbitration and, second, that arbitration agreement requires that dispute resolution take place in the location of the employment, in this case Sacramento, California (hereinafter "Motion to Dismiss" [Doc. No. 10] ). That motion has not been referred to this court and is currently pending before the District Court. No Answer or counterclaims have yet been filed as a result.

In contrast to the status of this federal case, the California court has considered and issued an oral ruling on the Motion to Compel Arbitration and Stay Proceedings, interestingly filed by *Sunrise* in that litigation.[FN2] The language of the arbitration agreement states "any disputes between you and Sunrise ... concerning your employment with the Company; and any of the terms, conditions or benefits of employment and disputes arising from termination of the employment relationship" are covered by the terms of the parties' agreement. (ADR Agreement at 1).

> FN2. Apparently Sunrise advocates for the applicability of the parties' arbitration agreement as to Giampapa's claims, but not as to its claims against her.

California Judge McMaster considered the arbitration

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 2228663 (D.Colo.)
**(Cite as: 2008 WL 2228663 (D.Colo.))**

Page 2

agreement itself and found it to be valid and compliant with California law. (McMaster Order at 2-3). Judge McMaster stated, "The Court ... anticipates that the district court in Colorado will also compel arbitration of that related action."*Id.* at 3.

*2 The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States,* 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, 2 (D.Colo.2006) (unpublished).Fed.R.Civ.P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...

Specifically, this court has found that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."*String Cheese Incident* at 2. Senior Judge Lewis T. Babcock instructed that, when considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."*Id.; see also, FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635 at 2 (D.Kan.1987) (unpublished). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."8 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d Ed.1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese Incident,* 2006 WL 894955, at 2.

While all plaintiffs to some degree have an interest in proceeding expeditiously in their cases, Sunrise appears to have launched a peremptory strike by filing this case in an attempt to choose a forum which is outside the contractual obligations between the parties, albeit asserting that the contractual provisions of the arbitration agreement should not apply to its claims. However, since the ruling has been made to compel arbitration in the California case, Sunrise is free to pursue full discovery in connection with the arbitration action, as is the defendant. Therefore, outside of temporarily being denied its forum choice, the plaintiff does not suffer any prejudice as a result of a stay of discovery in the federal action.

*3 This court will not presume to foretell the District Court's ruling on Defendant's Motion to Dismiss, however that one court has considered the arbitration agreement and concluded that both his case and the Colorado case are likely to be governed by the arbitration and other provisions of the parties' contractual agreement gives substance to Defendant's claim of potential victory on her motion. Thus, the unfairness of requiring her to participate in full discovery in this forum and to incur expenses of travel to this District along with her attorney, when she has not yet even Answered the Complaint, is manifest.

The Court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in one case involving two jurisdictions and a potential arbitration when, as here, a dispositive motion involving jurisdiction is pending. *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Const. Co., Inc.,* 2008 WL 1925100, 2 (D.Colo.2008) (unpublished); *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 2007 WL 4165397 at 2 (D.C.Cir.2007) (unpublished) (noting that the reason jurisdictional

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                                                   Page 3
Slip Copy, 2008 WL 2228663 (D.Colo.)
(Cite as: 2008 WL 2228663 (D.Colo.))

defenses should be raised at the outset is to avoid unnecessary litigation); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) (A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.') As the District of Columbia court stated, the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery." *Id.* at 5. Finally, neither party has asserted any compelling nonparty or public interests triggered by the facts at issue.

It is therefore, ORDERED

1. The Defendant's Motion for a Protective Order Staying Discovery Pending Defendant's Motion to Dismiss or in the Alternative, a More Definite Statement [Doc. No. 31] is GRANTED. The Scheduling Order entered on January 3, 2008 is vacated and all discovery in the case is STAYED until such time as the District Court rules on Defendant's Motion to Dismiss.

2. The Plaintiff's Motion to Amend Scheduling Order [Doc. No. 34, filed May 2, 2008] is DENIED as moot.

3. The Parties shall file a written status report within five business days of a ruling issued by the District Court on Defendant's Motion to Dismiss [Doc. No. 10] or no later than September 30, 2008, whichever first occurs.

D.Colo.,2008.
Sunrise Medical HHG, Inc. v. Giampapa
Slip Copy, 2008 WL 2228663 (D.Colo.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.