**APPENDIX C**

Westlaw.

Slip Copy
Slip Copy, 2008 WL 5216245 (D.Colo.)
(Cite as: 2008 WL 5216245 (D.Colo.))

Page 1

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court, D. Colorado.
Christine HEHL-GOMEZ, Plaintiff,
v.
NASA SPACE CENTER SHUTTLE, Defendant.
Civil Action No. 08-cv-02152-MSK-MEH.

Dec. 10, 2008.

Christine Hehl-Gomez, Lakewood, CO, pro se.
Jamie L. Mendelson, U.S. Attorney's Office, Denver, CO, for Defendant.

**ORDER ON DEFENDANT'S MOTION FOR A STAY**

MICHAEL E. HEGARTY, United States Magistrate Judge.

*1 Pending before the Court is Defendant's Motion for a Stay [*filed November 28, 2008; docket # 17*]. The matter is briefed and has been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Defendant's Motion for a Stay is **granted.**

**I. Background**

Plaintiff instituted this action on August 22, 2008 in Denver District Court. The action was removed to this Court on October 3, 2008. While Plaintiff's complaint is difficult to decipher, she alleges, in essence, that she needs questions answered by this Court, including the location, address and telephone number of "Judy Riley" and the location of her two kids. In response, Defendant has filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement [docket # 12]. In light of its Motion to Dismiss, Defendant also has filed the within motion to stay, contending that discovery in this action would result in an undue burden of costs and time, considering that dismissal would resolve the entire action. Moreover, Defendant argues that, even if the Court were to deny the motion to dismiss but grant the motion for more definite statement, discovery could then proceed under a clearer operative pleading. Plaintiff responds that she needs "for this to be settled A.S.A.P." since she has "2 kids that were kidnapped (twice)" and she "has child custody." She also states that "it's a nightmare not knowing where my 2 kids are at."

**II. Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir.1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."Fed.R.Civ.P. 26(c). Here, Defendant seeks protection from significant discovery until a ruling is issued on its pending Motion to Dismiss. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.,* No. 06-cv-02419, 2007 WL 683973, *2 (D.Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-1934, 2006 WL 894955 at *2 (D.Colo. Mar. 30, 2006); see also *Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.,* 87 F.R.D. 53, 56 (E.D.Pa.1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay is appropriate here. See *String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but her interest is offset by Defendant's burden. Here, the complaint in many respects is nonsensical, states no discernible claim (whether federal or state) that confers jurisdiction on this Court, and appears to be frivolous on its face. Defendant has filed a Motion to Dismiss Plaintiff's claims based on insufficient process, for failure to state a claim, or in the alternative, for a more definite statement. The Court agrees with Defendant that the motion to dismiss would resolve the entire action, and if the District Court were instead to grant the motion for more definite statement, the Court and the parties would be able to proceed more efficiently and expeditiously. On balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendant resulting from conducting and responding to discovery while its Motion to Dismiss is pending.

\*2 The remaining *String Cheese* factors (*i.e.,* the Court's efficiency and interests of nonparties and the public in general) do not prompt a different result. See *String Cheese,* 2006 WL 894955, at \*2. Consequently, the Court will grant the stay as to all discovery in this matter pending the disposition of the Motion to Dismiss filed by Defendant.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion for a Stay [*filed November 28, 2008; docket # 17* ] is **granted.** The Scheduling Conference set for December 15, 2008 is hereby **vacated,** and all discovery is hereby stayed in this case pending the District Court's ruling on Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending motion to dismiss.

D.Colo.,2008.
Hehl-Gomez v. Nasa Space Center Shuttle
Slip Copy, 2008 WL 5216245 (D.Colo.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.