IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in his official capacity as Ethics VP,
TERRY JEFFERSON, individually, and in his official capacity as HR Manager,
FRANCINE LESSARD, individually, and in his official capacity as EEO Director,
GRANT CASSLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in his official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Emergency Motion to Preserve Evidence" (Doc. No. 33, filed January 23, 2009); "Defendant Lockheed Martin Corporations' Motion to Stay Discovery Pending Ruling on Motion to Dismiss" (Doc. No. 36, filed January 28, 2009); and Plaintiff's "Motion for Order to Protect Plaintiff from Defendants' Process and Discovery Abuse" (Doc. No. 41, filed January 30, 2009).

*Motion to Preserve Evidence*

The "Emergency Motion to Preserve Evidence" (Doc. No. 33) is DENIED without prejudice, as Plaintiff failed to assert or attach a "presentation letter." Plaintiff is directed to review the information regarding eDiscovery & Digital Evidence attached to this order.

*Motion to Stay*

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763; *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382.

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)(quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.

1971). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.

In considering whether a stay of all discovery pending the outcome of a motion to dismiss is warranted, a case-by-case analysis is required because such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case.

In this case, in light of the 147 interrogatories attached to Plaintiff's motion to preserve evidence which Plaintiff intends to propound on Defendant, it is clear Plaintiff seeks to conduct extensive discovery in this case resulting in undue burden and expense to all parties. The court finds the defendant has a likelihood of prevailing on its motion to dismiss. Furthermore, the court does not find any party will suffer substantial or irreparable harm by a stay pending ruling on the motion to dismiss. Accordingly, "Defendant Lockheed Martin Corporations' Motion to Stay Discovery Pending Ruling on Motion to Dismiss" (Doc. No. 36) is GRANTED. The scheduling conference set for February 10, 2009, is VACATED, to be reset, if necessary, following ruling on the motion to dismiss. At that time, the court will se t a new deadline for Fed. R. Civ. P. 26(a)(1) disclosures.

### *Motion to Protect Plaintiff from Defendants' Process and Discovery Abuse*

In light of the above rulings, Plaintiff's "Motion for Order to Protect Plaintiff from Defendants' Process and Discovery Abuse" (Doc. No. 41) is DENIED without prejudice as being premature.

Dated this 2nd day of February, 2009.

                                    **BY THE COURT:**

                                    Kathleen M. Tafoya
                                    United States Magistrate Judge

1 eDiscovery & Digital Evidence § 7:8

eDiscovery & Digital Evidence
Database updated October 2008

Jay E. Grenig and William C. Gleisner, III with general consultants Troy Larson and John L. Carroll

Part 2. Discovery and Disclosure of Digital Information
Chapter 7. Discovery and Disclosure of Digital Information
II. Preliminary Steps

References

### § 7:8. Preservation letter

A carefully drafted "preservation" letter should be sent to the other party or the other party's attorney at the earliest possible moment, describing the data to be preserved, and requesting a meeting to construct a mutually acceptable search and production protocol.[FN1] The preservation letter is a very important tool. At a minimum, it places the other party on notice with respect to its duties to avoid spoliation. It also serves as an excellent basis for seeking sanctions, if it is later discovered that spoliation did in fact occur.[FN2]

The actual tenor and content of a preservation letter will almost certainly be a matter of speculation, to a significant degree, because it should be sent before, or at the same time, as the commencement of litigation and well before any voluntary disclosures by a party under Rule 26 of the Federal Rules of Civil Procedure[FN3], and before any discovery has occurred. However, the preservation letter does not have to be simple guess work either. Basic investigative work should uncover appropriate points to include in such a letter. For example, much can be inferred about the nature of possible digital evidence in the possession of a party and its location from the party's government filings (such as SEC or UCC filings), as well as from a party's own website.[FN4]

Common sense should guide the actual points to include in a preservation letter. This is not a discovery request; all counsel is trying to do is to "freeze frame" the digital holdings of a party so that they do not evaporate, through intentional misconduct or the normal processes associated with the deletion of computer files due to the ongoing business of a party. A party can disregard the request to preserve, but once the request has formally been made and evidence disappears, a preservation letter may place the discovering party in a superior position to seek sanctions or other relief.

At a minimum, a letter should begin with a general statement that the discovering party expects the party to preserve digital evidence that in all probability will be relevant to the issues in a case, or may lead to the discovery of such evidence. The preservation letter should include a request that the other party suspend its regular document retention policy pending discovery.[FN5] The preservation letter should identify all of the possible locations where such evidence might conceivably reside.

Writing a letter or otherwise putting a party on notice of the intention to seek eDiscovery is not an idle gesture. Spoliation is the destruction of, or failure to, preserve and protect evidence.[FN6] A party has the duty to protect and preserve evidence once it is on notice that it must do so.[FN7] Courts have held that a party may be under a duty to prevent spoliation even if litigation is only reasonably anticipated.[FN8]

> **Important:** A court may also order the preservation of digital data during the pendency of a lawsuit.[FN9] Spoliation of digital evidence after a preservation order has been issued can have very severe consequences.[FN10]

The letter should inform the opposing party that a mere file backup of the hard drive is not adequate preservation.[FN11] The party must be instructed to image hard drive in bit-stream copies, where all areas, used and unused, of the hard drive are copied.[FN12] If a file is deleted before a backup is made, the deleted file will not be copied unless it is a bit-stream copy.[FN13] The letter should also request that deleted files that are reasonably recoverable be immediately undeleted.

[FN14]
If the discovering party suspects data will not be preserved properly and is dealing with a Novell NOS system, the discovering party should consider including a request in a preservation letter for an "NSS Pool Snapshot" that can be preserved for later use during discovery. According to Novell:

> In NetWare 6.5, Novell Storage Services supports pool snapshots to improve backup and restore services. A pool snapshot is a metadata copy of a storage data pool that preserves a point-in time view of a data pool. When you back up a pool from its pool snapshot, your backup can capture every file in the pool on your server. A pool snapshot also supports file recovery. After you take a snapshot, you can activate it at a later time to access the original pool's data as it existed at the time of the snapshot. Both the pool and its snapshots can be active and available concurrently. You access data on the active pool snapshot just as you would any other pool, even while data is changing on the original pool you snapped.[FN15]

Windows 2003 Server has a similar utility called "shadowing." If a discovering party suspects data will not be preserved properly and is dealing with a Windows 2003 environment, the discovering party should consider including a request in a preservation letter for a "shadow copy" that can be preserved for later use during discovery. Windows 2003 shadow copy function takes a snapshot of a network volume and places the copy on a different volume on the network. After a snapshot is taken, files from the read-only shadow can be accessed at any time without complications typical of network volumes that are in use.[FN16] Preserving evidence becomes a simple matter of taking a snapshot that can be searched and used like the original volume, without disrupting the network in anyway. This may render traditional backups unnecessary and put the power of deleted file restoration in the hands of every user with appropriate permission.

---

[FN1] Ryan, 10 Ways to Beat eDiscovery Abuse, Trial, Sept. 2004, at 42, 43. See In re eBay Seller Antitrust Litigation, 2007 WL 2852364 (N.D. Cal. 2007) (litigation hold notices may be protected by attorney-client privilege and work product doctrine, but identities of employees receiving notices are not protected).

[FN2] See § § 11:1 to 11:19.

[FN3] See Grenig & Kinsler, Handbook of Federal Civil Discovery and Disclosure 2d §§ 1.20–1.25. Westlaw Database FEDCIVDISC.

[FN4] Use Adobe Acrobat to download all publicly available websites of a defendant before commencing suit. See § § 16:1 to 16:13.

[FN5] Wiginton v. Ellis, 2003 WL 22439865 (N.D. Ill. 2003).

[FN6] See Estate of Neumann ex rel. Rodli v. Neumann, 242 Wis. 2d 205, 245, 2001 WI App 61, ¶80, 626 N.W.2d 821, 841 (Ct. App. 2001) (primary remedies used to combat spoliation are pretrial discovery sanctions, spoliation inference, and recognition of independent tort actions for intentional and negligent spoliation of evidence). Sentry Ins. v. Royal Ins. Co. of America, 196 Wis. 2d 907, 918–919 539 N.W.2d 911, 915–916 (Ct. App. 1995) (upholding trial court's exclusion of evidence related to refrigerator where party's expert intentionally removed components, thereby precluding testing by opposing party).

[FN7] Cf. Park v. City of Chicago, 297 F.3d 606, 616, 89 Fair Empl. Prac. Cas. (BNA) 698, 83 Empl. Prac. Dec. (CCH) P 41223, 60 Fed. R. Evid. Serv. 344 (7th Cir. 2002).

[FN8] Gates Rubber Co. v. Bando Chemical Industries, Ltd., 167 F.R.D. 90 (D. Colo. 1996).

[FN9] See, e.g., In re Cell Pathways, Inc., Securities Litigation, II, 203 F.R.D. 189, 195, Fed. Sec. L. Rep. (CCH) P 91507 (E.D. Pa. 2001); In re Bridgestone/Firestone, Inc., ATX, ATX II, 129 F. Supp. 2d 1207, 1213 (S.D. Ind. 2001).

[FN10] See 3M v. Pribyl, 259 F.3d 587, 606 n.5, 59 U.S.P.Q.2d (BNA) 1705, 57 Fed. R. Evid. Serv. 802, 50 Fed. R. Serv. 3d 534 (7th Cir. 2001) (negative inference can be drawn from apparent intentional deletion of information from computer hard drive); Rodgers v. CWR Const., Inc., 343 Ark. 126, 33 S.W.3d 506, 510 (2000) (failure to instruct on spoliation of evidence was not error where trial court specifically found evidence was not intentionally lost or destroyed, counsel permitted plaintiff's counsel to present spoliation arguments to jury, and evidence in question was available in plaintiff's office shortly after accident but no meaningful discovery commenced until five years later); Patton v. Newmar Corp., 538 N.W.2d 116, 119–120, 61 A.L.R.5th 839 (Minn. 1995) (because critical item of evidence no longer exists, trial court is not only empowered, but is obligated, to determine consequences of evidentiary loss in determining sanction for spoliation of evidence); Mudge, Rose, Guthrie, Alexander & Ferdon v. Penguin Air Conditioning Corp., 221 A.D.2d 243, 243, 633 N.Y.S.2d 493, 494 (1st Dep't 1995) (plaintiff's negligent loss of key piece of evidence that defendant never had opportunity to examine warranted dismissal of complaint).

[FN11] Wilson & Cherry, Success in Electronic Discovery, Trial, May, 2003, at 60, 62.

[FN12] Wilson & Cherry, Success in Electronic Discovery, Trial, May, 2003, at 60, 62.

[FN13] Wilson & Cherry, Success in Electronic Discovery, Trial, May, 2003, at 60, 62.

[FN14] Wilson & Cherry, Success in Electronic Discovery, Trial, May, 2003, at 60, 62.

[FN15] www.novell.com/documentation/nw65/index.html?page=/documentation/nw65/nss_enu/data/ajhv67d.html.

[FN16] Microsoft Windows Server 2003 Unleashed 24 (Sams 2004).

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

EDISCOVERY § 7:8

END OF DOCUMENT

(C) 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.