**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in her official capacity as Ethics, VP,
TERRY JEFFERSON, individually, and in her official capacity as HR Manager,
FRANCINE LESSARD, individually, and in her official capacity as EEO Director,
GRANT CASTLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in her official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

## ORDER DENYING MOTIONS FOR RECUSAL

**Blackburn, J.**

    This matter is before me on the following motions: (1) the plaintiff's **Notice & Motion for Recusal of Judge Blackburn and Magistrate Judge Tafoya** [#22], filed January 9, 2009; and (2) the plaintiff's **Renewed Notice & Motion for Recusal of Judge Blackburn** [#50], filed February 9, 2009. Magistrate Judge Tafoya entered an Order [#24] on January 12, 2009, denying the plaintiff's motion for recusal [#22] to the extent that motion requests the recusal of Magistrate Judge Tafoya. I deny both motions to the extent the plaintiff seeks my recusal from this case.

The relevant statute, 28 U.S.C. § 455, requires a judge to recuse himself or herself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. ***Id.***; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). On the other hand, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." ***United States v. Hines***, 696 F.2d 722, 729 (10th Cir. 1982); *see also* ***Bryce***, 289 F.3d at 659. Rather, "[d]isqualification for lack of impartiality must have a *reasonable* basis." ***See Jackson v. Fort Stanton Hospital and Training School***, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). "In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" ***United States v. Evans***, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (footnote and citation omitted). A "judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." ***Hinman v. Rogers***, 831 F.2d 937, 939 - 40 (10th Cir. 1987) (citation omitted). Conclusions, opinions, and rumors are not a sufficient basis for recusal. ***Davis v. Commissioner***, 734 F.2d 1302, 1303 (8th Cir.1984) (***cited in Hinman v. Rogers*** 831 F.2d 937, 940 (10th Cir. 1987).

As a factual basis for his motion, the plaintiff cites quotations from various websites that contain commentary on judges, including comments critical of me. The

plaintiff cites also certain news reports in which opinions critical of me were expressed. In addition, the plaintiff says he "can find no record of Judge Blackburn ruling in favor of an employment discrimination plaintiff or pro se plaintiff." *Renewed Notice & Motion for Recusal of Judge Blackburn* [#50], filed February 9, 2009, p. 3. Based on this commentary and these quotations, the plaintiff argues that a "reasonable, well-informed, objective, and thoughtful person, knowing all the above extrinsic facts, would harbor doubts about the above-captioned judges' (sic) impartiality." *Id.*

The plaintiff in this case has shown no basis, much less a reasonable basis, for questioning my impartiality in this matter. Again, recusal is required if a reasonable person, knowing all the facts, would harbor doubts about my impartiality. **Bryce v. Episcopal Church in the Diocese of Colorado**, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). The commentary cited by the plaintiff includes much invective and opinion but very few facts of the type that a reasonable, well-informed, and objective observer would examine to determine if I am impartial. Unverified opinions and invective do not constitute a reasonable basis on which to question my impartiality in this matter. Rather, the recusal analysis requires an examination of facts, as opposed to opinions. Notably, there is no indication in the plaintiff's motion that the plaintiff has made any effort to research the publicly available records of this court to determine if there is any factual basis for the commentary about and criticisms of me that the plaintiff has found on various websites and in newspapers. A reasonable, well-informed, and objective observer would make an effort to examine these facts. Absent a showing of relevant facts that would cause a reasonable, well-informed, and objective observer to harbor doubts about my impartiality, the plaintiff's motions must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Notice & Motion for Recusal of Judge Blackburn and Magistrate Judge Tafoya** [#22], filed January 9, 2009, is **DENIED** to the extent the plaintiff seeks the recusal of Judge Blackburn; and

2. That the plaintiff's **Renewed Notice & Motion for Recusal of Judge Blackburn** [#50], filed February 9, 2009, is **DENIED**.

Dated February 13, 2008, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4