IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in her official capacity as Ethics, VP,
TERRY JEFFERSON, individually, and in her official capacity as HR Manager,
FRANCINE LESSARD, individually, and in her official capacity as EEO Director,
GRANT CASTLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in her official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER, MOTION TO ENFORCE, & MOTION FOR DISCLOSURE

**Blackburn, J.**

    This matter is before me on **Plaintiff's Motion To Reconsider Recusal of Judge Blackburn and Magistrate Judge Tafoya Under 28 USC 455, Second Judicial Notice and Motion To Enforce USERRA *Vindication*, Motion for Judge Blackburn and Magistrate Judge Tafoya To Disclose Information Related To Recusal** [#63] filed February 23, 2009. To the extent the motion is directed to Magistrate Judge Tafoya, the motion has been referred to Magistrate Judge Tafoya.

Otherwise, I deny the motion.

The plaintiff, Christopher Stone, is proceeding *pro se.* Therefore, I have construed his pleadings and other filings liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not proper for the court to assume the role of advocate for a *pro se* litigant. **Hall**, 935 F.2d at 1110. Similarly, because Stone asserts a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C.
§§ 4301-4333, I liberally construe the USERRA in favor of Stone.

## I. RECUSAL

This is the third motion Stone has filed asking that I recuse myself from this case. His two previous motions [#22 & #50] have been denied. Stone asserts that the information he cites supports a reasonable inference that I am biased and prejudiced against *pro se* and civil rights litigants, and in favor of corporations. *Motion*, p. 2. Alternatively, he argues that the information would cause a reasonable person to harbor doubts about my impartiality . In his present motion, Stone asks that I reconsider my denial of his previous motions to recuse and reasserts essentially the same arguments he made in his previous motions.

 "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to

correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id*. Stone's present motion is, for the most part, simply an effort to revisit issues already addressed and resolved. Stone has not circumstantiated any of the three recognized bases for a motion to reconsider. Thus, Stone's request that I reconsider my previous order denying Stone's motions for recusal is denied.

In his present motion, Stone requests that the court provide him with information that Stone believes is relevant to the recusal analysis. This request is denied. "A judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." **Fletcher v. Conoco Pipe Line Co.**, 323 F.3d 661, 664 (8th Cir.2003). As detailed below, Stone requests that the court provide him with various public records that he is free to inspect on his own. Stone bears the burden of gathering evidence to substantiate his assertion that I am biased against him or that a reasonable and well-informed person, knowing all the facts, would harbor doubts about my impartiality. By his request that the court gather and provide to Stone the information he seeks to review, Stone improperly asks the court assume the role of advocate for Stone.

In the face of my previous denial of his motions to recuse, Stone now requests

that I disclose on the record my financial interests, the "full case disposition in each of civil rights, pro se, and corporate cases, regardless of which federal, state, or other court in which the judgment took place," and the "accuracy or inaccuracy of each public statement referenced." *Motion* [#63], pp. 1-2. Although he does not say so, I assume Stone seeks only the case dispositions in cases handled by either myself or Magistrate Judge Tafoya. Under the Ethics in Government Act of 1978, I am required to file annual financial disclosure reports. 5 U.S.C. App. 4 §§ 101 - 111. Members of the public may obtain copies of these financial disclosure reports. The record contains no indication that Stone has made any effort to examine these public reports. The adjudications of all of the cases I have handled while acting as a district judge for the United States District Court for the District of Colorado or the Sixteenth Judicial District for the State of Colorado are a matter of public record open to review by Stone. I note that Stone files documents in this case via the court's CM/ECF system. That system documents all filings in all civil cases in this court from June 20, 2005, to the present, and those filings are available for review via the court's CM/ECF system. Earlier filings in civil cases are available via the office of the Clerk of the Court. Similarly, the adjudications of all of the cases, except juvenile cases, that I handled while acting as a District Judge for the Sixteenth Judicial District of the State of Colorado also are a matter of public record open to review by Stone. Filings in cases adjudicated in the Sixteenth Judicial District of the State of Colorado are available from the offices of the clerks of the District Courts of Bent, Crowley, and Otero Counties, respectively. Stone has access to all of the judicial records he seeks.

4

Stone asserts that he does "not have the time or access to" research court records. *Motion*, p. 2. Again, Stone has access to the court records he seeks. The fact that Stone may have other demands on his time does not obligate this court to step in to assist Stone with his research. Again, it is not proper for the court to assume the role of advocate for a *pro se* litigant or, for that matter, any litigant. **Hall**, 935 F.2d at 1110.

Stone notes that a judge has a duty to "disclose on the record information which the judge believes the parties or their lawyers might consider relevant to the question of disqualification." **Porter v. Singletary**, 49 F.3d 1483, 1489 (11th Cir. 1995). I agree with this proposition, but I disagree that this proposition requires that I obtain for Stone information that he can obtain for himself. Again, all of the financial and court records Stone seeks are disclosed in public records which are available to Stone. Further, I am not aware of any financial interest I hold, or any action I have taken in previous cases over which I have presided, that is relevant to the question of disqualification in this case.

In his previous motions for recusal, Stone relied on quotations from various websites that contain commentary on judges, including comments critical of me. He relied also on certain news reports in which opinions critical of me were expressed. In his present motion, Stone asks that I disclose "the accuracy or inaccuracy of each public statement referenced." *Motion*, p. 2. I assume Stone's reference to public statements is a reference to the commentary he cited in his previous motions.

As I said in my pervious order concerning Stone's motions to recuse:

The commentary cited by the plaintiff includes much invective and
opinion but very few facts of the type that a reasonable, well-informed,
and objective observer would examine to determine if I am impartial.
Unverified opinions and invective do not constitute a reasonable basis
on which to question my impartiality in this matter.  The recusal analysis
requires an examination of facts rather than opinions.  Notably, there is
no indication in the plaintiff's motion that the plaintiff has made any effort
to research the publicly available records of this court to determine if
there is any factual basis for the commentary about and criticisms of me
that the plaintiff has found on various websites and in newspapers.  A
reasonable, well-informed, and objective observer would make an effort
to examine these facts.  Absent a showing of relevant facts that would
cause a reasonable, well-informed, and objective observer to harbor
doubts about my impartiality, the plaintiff's motions must be denied.

Stone argues in his present motion that "(i)t is factual that such statements exist and that they infer Judge Blackburn's bias and prejudice against pro se and civil litigants, and for corporations.  Such statements are factual in that they are capable of being objectively proven or disproven based on Judge Blackburn's record." *Id*. Again, Stone can determine the accuracy of the statements he cites by examining the public record in the cases cited in those statements.  With that, he then can determine whether there is a reasonable factual basis, as opposed to a basis founded on rumor and innuendo, to argue that I an not impartial.

Stone repeatedly has noted the fact that I overturned a jury's verdict in **Cadorna v. City & County of Denver**, Civil Case No. 04-cv-01067.  Stone appears to argue that this fact, standing alone, supports a reasonable inference that I am biased and prejudiced against *pro se* and civil rights litigants, and in favor of corporations, or that this fact would cause a reasonable person to harbor doubts about my impartiality.  Of course, the law provides that a court may overturn a jury verdict in appropriate circumstances.  The fact that I once overturned a jury verdict, without more, would not cause a reasonable person to harbor doubts about my impartiality.  I note also that the **Cadorna** case did not involve a *pro se* litigant and did not involve a corporation.  The fact that my ruling in **Cadorna** was adverse to a civil rights litigant, standing alone, would not cause a reasonable person to harbor doubts about my impartiality.

In his present motion, Stone argues that my decisions in the present case also exhibit bias and prejudice against Stone.  *Motion*, pp. 4 - 5.  Such matters present a basis for recusal only in the rare instance in which "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." **Liteky v. United States**, 510 U.S. 540, 555 (1994); **see also United States v. Young**, 45 F.3d 1405, 1415 (10th Cir.), **cert. denied**, 515 U.S. 1169 (1995).  None of the rulings about which Stone complains, when viewed from the perspective of an objective observer, permit a reasonable inference of such extraordinary bias on my part.

## II.  USERRA

In his present motion, Stone moves to court "to *vindicate* me [Stone] by

6

applying all powers as required under USERRA in all matters on this case, starting with the granting of the above." *Motion*, p. 1. USERRA is an initialism for the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4333.
Congress enacted USERRA to:
> (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and (3) to prohibit discrimination against persons because of their service in the uniformed services.

38 U.S.C.A. § 4301. The Act is liberally construed in favor of veterans who seek its protections. ***See, e.g., Davis v. Advocate Health Center Patient Care Exp.***, 523 F.3d 681, 683 -684 (7th Cir. 2008).

Although he does not say so directly, Stone appears to assert implicitly that USERRA requires the court to assist him in the prosecution of his case and to rule in his favor. There is no basis in USERRA for these contentions. Specifically, USERRA does not require me to rule in favor of Stone on his motion for reconsideration and his motions for recusal when he has failed to establish a factual and legal basis for granting those motions.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion To Reconsider Recusal of Judge Blackburn and Magistrate Judge Tafoya Under 28 USC 455** [#63] filed February 23, 2009, is **DENIED** insofar as it is directed at this court.

Dated March 2, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

7