IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in his official capacity as Ethics VP,
TERRY JEFFERSON, individually, and in his official capacity as HR Manager,
FRANCINE LESSARD, individually, and in his official capacity as EEO Director,
GRANT CASSLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in his official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

# ORDER

This matter is before the court on (1) "Plaintiff's First Motion for Sanctions" (Doc. No. 58, filed February 21, 2009); (2) "Plaintiff's Second Motion for Sanctions" (Doc. No. 59, filed February 21, 2009); (3) "Plaintiff's Motion to Strike Defendant's 'Reply In Support of Motion to Dismiss', Or In the Alternative, for Leave to File Surreply" and "Motion to Apply USERRA *Vindication*" (Doc. No. 61, filed February 23, 2009); and (4) "Plaintiff's Motion to Reconsider Recusal of Judge Blackburn and Magistrate Judge Tafoya Under 28 USC 455," "Second Judicial

Notice and Motion to Enforce USERRA *Vindication*," and "Motion for Judge Blackburn and Magistrate Judge Tafoya to Disclose Information Related to Recusal" (Doc. No. 63, filed February 23, 2009).

In Plaintiff's motions for sanctions, he seeks sanctions be imposed against Defendant and its counsel. Plaintiff failed to confer with defendant before filing these motions. The Tenth Circuit has cautioned that pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)). The Local Rules of Practice for the District of Colorado require all parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997). Therefore, for this reason alone the motions (Doc. Nos. 58 and 59) are **DENIED**. The court warns the plaintiff that failure to confer prior to filing future motions will result in the court striking the motions.

Moreover, to the extent Plaintiff's motions address an alleged fraud on the court related to intentional misrepresentation of the service date of initial Complaint in Defendant's Motion for Extension, the court has already ruled on this issue. (*See* Doc. Nos. 21.) In addition, to the extent Plaintiff seeks sanctions for destruction of evidence, this court, in its order dated February 2, 2009, provided information for Plaintiff to review and follow regarding electronic discovery and digital evidence. (*See* Doc. No. 45.) Plaintiff appealed the ruling on his motions in this regard to the District Court, and that appeal is pending. (*See* Doc. No. 51.)

Plaintiff again failed to confer with opposing counsel prior to the filing of his "Motion to Strike Defendant's 'Reply In Support of Motion to Dismiss', Or In the Alternative, for Leave to File Surreply" and "Motion to Apply USERRA *Vindication*." Therefore, the motion (Doc. No. 61) is **DENIED** for this reason. In addition, upon review of the motion to dismiss, the response to the motion to dismiss, and the reply in support of the motion to dismiss, the court finds the reply did not set forth arguments that had not been previously raised in either the motion or response. Furthermore, regarding Plaintiff's motion to apply USERRA vindication, the court denies this motion for the reasons set forth in Judge Blackburn's "Order Denying Motion to Reconsider, Motion to Enforce, & Motion for Disclosure." (*See* Doc. No. 65.)

Finally, "Plaintiff's Motion to Reconsider Recusal of Judge Blackburn and Magistrate Judge Tafoya Under 28 USC 455," "Second Judicial Notice and Motion to Enforce USERRA *Vindication*," and "Motion for Judge Blackburn and Magistrate Judge Tafoya to Disclose Information Related to Recusal" (Doc. No. 63) is also **DENIED** for the reasons set forth in Judge Blackburn's "Order Denying Motion to Reconsider, Motion to Enforce, & Motion for Disclosure." (*See* Doc. No. 65.)

It is further ORDERED that Plaintiff shall cease filing redundant motions and documents. All future motions and documents filed with this court failing to comply with this order may be stricken, and Plaintiff may be subject to sanctions.

Dated this 12th day of March, 2009.

                                                        **BY THE COURT:**

                                                        Kathleen M. Tafoya
                                                        United States Magistrate Judge