IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in his official capacity as Ethics VP,
TERRY JEFFERSON, individually, and in his official capacity as HR Manager,
FRANCINE LESSARD, individually, and in his official capacity as EEO Director,
GRANT CASSLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in his official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the "Order to Show Cause" (Doc. No. 72) and

"Plaintiff's Response to Show Cause Order Regarding Dismissal of Individual Defendants"

(Doc. No. 73).

    On November 18, 2008, Plaintiff filed his Complaint [Doc. No. 1] asserting claims

against eleven defendants. On December 22, 2008, Plaintiff filed a motion for entry of default

against all defendants (Doc. No. 11) and for default judgment against all defendants (Doc. No. 12). On December 24, 2008, the Clerk of Court filed its note that default would not be entered on the defendants because there was no proof of service under the rules of service of the summons and complaint, Federal Rules of Civil Procedure. (Doc. No. 15.) On January 15, 2009, Plaintiff filed a "Return of Service" on all defendants, indicating someone by the name of Iryna Stone had "Served on all 11 Defendants . . . by a single 3-day mailing sent on 11/24/08" to the address of Lockheed Martin Corporation. (Doc. No. 26.) None of the defendants, other than Defendant Lockheed Martin Corporation, has filed an answer or otherwise responded to Plaintiff's Complaint.

> Pursuant to Fed. R. Civ. P. 4(m),
>
> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, Plaintiff had up to and including March 18, 2009, to properly serve the defendants. In addition, Rule 4(e)of the Federal Rules of Civil Procedure states:

> [A]n individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode . . . ; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (2008). The Colorado Rules of Civil Procedure state that service upon a person shall be made by delivering a copy of the summons and complaint to the person; or by leaving a copy at the person's place of abode; or by leaving a copy at the person's workplace with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment of law to receive service of process. Colo. R. Civ. P. 4(e)(1). Furthermore, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem. Colo. R. Civ. P. 4(g). Plaintiff did not follow the rules of service provided in the Federal Rules of Civil Procedure or the Colorado Rules of Civil Procedure. Moreover, service of an individual by mail is not proper service under the Federal or Colorado Rules of Civil Procedure.

On April 2, 2009, this court filed an order for the plaintiff to show cause in writing, on or before April 15, 2009, why the claims against Defendants Robert J. Stevens; Brent Thoden; J. Michael Conley; Michael Keyack; Alice Eldridge; Terry Jefferson; Francine Lessard; Grant Cassleberry; Wanda Hunter; and Max Beal should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

Plaintiff responded to the Order to Show Cause by arguing he has made a good faith effort to serve the defendants at issue. (Resp. ¶ 1.) He states, "Lacking either their home or work addresses, I was left with no choice but to direct my process server to serve Lockheed's agent in Denver . . . . My agent did so, <u>mailing</u> a copy of the summons and complaint to Lockheed's agent." (*Id.* [emphasis added.]) However, Plaintiff has failed to hire a process server to properly serve any of the defendants. There is no indication Plaintiff has attempted to locate a home or

3

work address for any of the defendants, instead choosing to serve the defendants by "mailing a copy of the summons and complaint to Lockheed's agent, including one copy for Lockheed and one copy for each individual defendant." (*Id.*)  Plaintiff contends "Lockheed's agent was bound to deliver all the copies to Lockheed, who was then under obligation to forward process to each of their sued employees." (*Id.* at 1–2.)  Plaintiff admits "service was not perfect," but states that is irrelevant because "service was certainly sufficient as evidenced by Lockheed receiving copy of their copy of process." (*Id.* at 2.)  Plaintiff has offered no credible reason why he has failed to properly serve the defendants.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants unless the plaintiff can show good cause for his failure to serve.  Here, the plaintiff has failed to provide good cause for his failure to timely serve the defendants.  Plaintiff was warned in the Order to Show Cause that a failure to provide good cause could result in a recommendation of dismissal of his claims against the unserved defendants.  Moreover, Plaintiff is aware the defendants have not properly been served, yet he still refuses to take steps to ensure proper service is effected.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that the claims against Defendants Robert J. Stevens; Brent Thoden; J. Michael Conley; Michael Keyack; Alice Eldridge; Terry Jefferson; Francine Lessard; Grant Cassleberry; Wanda Hunter; and Max Beal be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of April, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge