**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in her official capacity as Ethics, VP,
TERRY JEFFERSON, individually, and in her official capacity as HR Manager,
FRANCINE LESSARD, individually, and in her official capacity as EEO Director,
GRANT CASTLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in her official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

**ORDER CONCERNING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendant Lockheed Martin Corporation's Motion To Dismiss** [#31][1] filed January 21, 2009; (2) the **Recommendation of United States Magistrate Judge** [#76] filed April 16, 2009; and (3) the **Recommendation of United States Magistrate Judge** [#77] filed June 25, 2009. No objections were filed addressing the April 16, 2009, recommendation [#76].

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The plaintiff filed objections [#80] to the June 25, 2009, recommendation [#77], defendant Lockheed Martin Corporation filed a response [#81] to the objections, and the plaintiff filed a reply [#82].  I approve and adopt the April 16, 2209, recommendation [#76].  I respectfully reject in part the June 25, 2009, recommendation [#77].  I grant defendant Lockheed Martin Corporation's motion to dismiss [#31] under FED. R. CIV. P. 8.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

Again, no objections were filed addressing the April 16, 2009, recommendation [#76].  Therefore, I review that recommendation only for plain error.  **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the June 25, 2009, recommendation [#77] to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable case law.  In addition, because the plaintiff is proceeding *pro se*, I have construed his filings generously and with the leniency due *pro se* litigants.  **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  **Hall v. Bellmon**, 935 F.2d 1106,

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.

2

1110 (10th Cir. 1991).

### III.  DISMISSAL OF INDIVIDUAL DEFENDANTS

In the April 16, 2009, recommendation [#76], the magistrate judge recommends that this case be dismissed as to each of the individual defendants because the plaintiff, Christopher Stone, has not shown good cause for his failure to serve these defendants with a summons and the complaint within 120 days of the filing of the complaint.  The magistrate judge is correct in concluding that Stone has failed to show good cause for his failure to serve the individual defendants within 120 days.  Under FED. R. CIV. P. 4(m), Stone's claims against the individual defendants will be dismissed without prejudice.

### IV.  EEOC CHARGE AND JURISDICTION

In the June 25, 2009, recommendation [#77], the magistrate judge recommends that several of Stone's claims be dismissed because this court lacks jurisdiction over these claims.  The magistrate judge concludes that this court does not have jurisdiction over these claims because Stone failed to exhaust his administrative remedies as to these claims.  The claims at issue are Stone's claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e - 2000e-17, under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 - 634, and under Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793.  The magistrate judge notes that the plaintiff alleges in his complaint that he filed a charge with the Equal Employment Opportunity Commission (EEOC) concerning the defendants' alleged unlawful employment practices.  Stone alleges that he filed his EEOC charge on March 21, 2008, but the EEOC "has not issued a 'Right to Sue' letter . . . ." *Complaint* [#1] filed

November 18, 2008, ¶¶ 22 - 23.  The complaint was filed on November 18, 2008.

I respectfully disagree with the magistrate judge's conclusion on this point.  If Stone filed his EEOC charge on March 21, 2008, and the EEOC had not issued a notice of right to sue by November 18, 2008, then this court's jurisdiction is not defeated by Stone's failure to exhaust his administrative remedies.

> The EEOC has exclusive jurisdiction over a claim during the 180 days following the filing of a charge with the EEOC by an aggrieved individual. [*EEOC v.*] *Waffle House*, 534 U.S. [279,] at 291, 122 S.Ct. 754 [(2002)]. During this time an individual employee may not bring suit in federal court. Courts have held that where an aggrieved employee files suit after the expiration of the 180 days, however, jurisdiction over his or her claim exists, even if a right-to-sue letter was not actually received. ***See Perdue v. Roy Stone Transfer Corp.***, 690 F.2d 1091, 1093 (4th Cir.1982). The ***Perdue*** court held jurisdiction arises at this time in order to protect the employee: "The Commission's failure actually to issue the notice cannot defeat the claimant's statutory right to sue in the district court, for '[a] Title VII claimant is not charged with the commission's failure to perform its statutory duties.' " *Id*. (quoting ***Russell v. Am. Tobacco Co.***, 528 F.2d 357, 365 (4th Cir.1975))(alteration in original).

*E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1200-1201 (10th Cir. 2003).  I note also that Stone included a copy of an EEOC notice of right to sue, dated December 3, 2008, with his objection [#80] to the magistrate judge's recommendation.

Thus, I respectfully reject the magistrate judge's recommendation that plaintiff's Title VII, ADA, ADEA, and Rehabilitation Act claims be dismissed because this court lacks jurisdiction over these claims.

## V.  FED. R. CIV. P. 8 PLEADING STANDARDS

Lockheed Martin argues in its motion to dismiss that the plaintiff fails to provide in his complaint "a short and plain statement of the claim[s] showing that [he] is entitled to relief."  FED. R. CIV. P. 8(a).  As Lockheed Martin notes, Rule 8(e)(1) requires additionally that "[e]ach averment of a pleading shall be simple, concise and direct."  In

4

the recommendation, the magistrate judge addresses each of the plaintiff's claims on other bases, but does not address Lockheed Martin's Rule 8 argument. I address Lockheed Martin's Rule 8 argument because Rule 8 provides some of the fundamental and basic requirements for the fair and efficient resolution of the plaintiff's claims.

The twin purposes of a complaint are (1) to give the opposing parties fair notice of the basis for the claims against them, so they may respond to the claims; and (2) to allow the court to determine whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to facilitate these twin purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The plaintiff's complaint includes 30 pages and 98 numbered paragraphs in a section captioned as "FACTS RELEVANT TO ALL CLAIMS." *Complaint*, pp. 7 - 37. Following these factual allegations, the plaintiff lists separately each of his 43 claims for relief. In each of his separately listed claims for relief, Stone refers to his 30 pages of factual allegations. In nearly all of his claims, Stone's reference to his 30 pages of factual allegations is general and does not specify which particular factual allegations provide a basis for a particular claim for relief. As Lockheed Martin notes, the numerous factual allegations in the Complaint rarely are tied to the necessary elements of any of Stone's 43 claims for relief.

It is not the obligation of the defendants or of the court to piece together allegations from Stone's 30 pages of factual allegations with each of his 43 claims to arrive at a guess about the particular facts Stone may intend to assert as the basis for

5

each of his 43 claims. Rather, Rule 8 requires all plaintiffs, including Stone, to specify the particular factual allegations that form the basis for each claim asserted in the complaint. Stone's present complaint does not satisfy this fundamental requirement. In order for Stone "to state a claim in federal court, [his] complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See* ***Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). I find and conclude that Stone's **Complaint and Demand for Jury Trial** [#1], filed November 18, 2008, does not satisfy the requirements of FED. R. CIV. P. 8 and, therefore, must be dismissed. I note that the dismissal should be without prejudice. Therefore, Stone may pursue his claims by filing an amended complaint in this case or by initiating a new action. In either case, Stone's complaint must comply with the pleading requirements of Fed. R. Civ. P. 8. Stone shall have until October 26, 2009, to file an amended complaint in this case. Absent the timely filing of an amended complaint, I will dismiss the case.

## VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#76] filed April 16, 2009, is **APPROVED AND ADOPTED** as an order of this court;

2. That under FED. R. CIV. P. 4(m), the plaintiff's claims against defendants, Robert J. Stevens, Brent Thoden, J. Michael Conley, Michael Keyack, Alice Eldridge,

6

Terry Jefferson, Francine Lessard, Grant Castleberry, Wanda Hunter, and Max Beal, are **DISMISSED** without prejudice;

    3.  That defendants, Robert J. Stevens, Brent Thoden, J. Michael Conley, Michael Keyack, Alice Eldridge, Terry Jefferson, Francine Lessard, Grant Castleberry, Wanda Hunter, and Max Beal, are **DROPPED** from this action, and the caption of this case shall be **AMENDED** accordingly;

    4.  That I respectfully **REJECT** the **Recommendation of United States Magistrate Judge** [#77] filed June 25, 2009, to the extent the magistrate judge recommends that the plaintiff's Title VII, ADA, ADEA, and Rehabilitation Act claims be dismissed because this court lacks jurisdiction over these claims;

    5.  That to the extent the plaintiff objects to the dismissal of his Title VII, ADA, ADEA, and Rehabilitation Act claims for lack of jurisdiction, as recommended in the **Recommendation of United States Magistrate Judge** [#77] filed June 25, 2009, the **Plaintiff's FRCP 72 Objection To Recommendation for Dismissal** [#80], is **SUSTAINED**;

    6.  That under FED. R. CIV. P. 8, **Defendant Lockheed Martin Corporation's Motion To Dismiss** [#31] filed January 21, 2009, is **GRANTED**[3];

    7.  That under FED. R. CIV. P. 8, the plaintiff's **Complaint and Demand for Jury Trial** [#1], filed November 18, 2008, is **DISMISSED** without prejudice;

    8.  That the plaintiff **SHALL HAVE** until October 26, 2009, to file an amended complaint, which complies with the requirements of FED. R. CIV. P. 8;

    9.  That absent the filing of an amended complaint by the plaintiff on or before

---

[3] Because the motion to dismiss is granted, I need not and do not address the other recommendations of the magistrate judge.

7

October 26, 2009, the court **SHALL DISMISS** this case and enter judgment based on the dismissal of the plaintiff's complaint under FED. R. CIV. P. 8.

Dated September 24, 2009, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge