IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-02522-REB-KMT

CHRISTOPHER E. STONE, for himself and similarly situated employees,

    Plaintiff,

v.

LOCKHEED MARTIN CORPORATION, a Maryland corporation,
ROBERT J. STEVENS, individually, and in his official capacity as President/CEO,
BRENT THODEN, individually, and in his official capacity as Manager,
J. MICHAEL CONLEY, individually, and in his official capacity as Manager,
MICHAEL KEYACK, individually, and in his official capacity as Manager,
ALICE ELDRIDGE, individually, and in her official capacity as Ethics, VP,
TERRY JEFFERSON, individually, and in her official capacity as HR Manager,
FRANCINE LESSARD, individually, and in her official capacity as EEO Director,
GRANT CASTLEBERRY, individually, and in his official capacity as Sr. Manager,
WANDA HUNTER, individually, and in her official capacity as EEO Manager, and
MAX BEAL, individually, and in his official capacity as HR Manager,

    Defendants.

## ORDER DENYING MOTION TO AMEND JUDGMENT

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion To Amend Judgment** [#87][1] filed February 9, 2010. Defendant Lockheed Martin Corporation filed a response[#88]. I deny the motion.

The plaintiff asks that I amend my **Order for Entry of Judgment** [#85] filed February 4, 2010, and the **Judgment** [#86] entered February 8, 2010. Because plaintiff's motion was filed within ten days of the entry of judgment, it properly is

---

[1] "[#87]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

considered under Fed.R.Civ.P. 59(e). However, the bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

**Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Additionally, Rule 60 provides that a court may relieve a party from a final judgment based on various reasons, including mistake, inadvertence, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60 (b).

The plaintiff asks that I "add the legal basis for the dismissal" to my previous order and the judgment. *Plaintiff's Motion To Amend Judgment* [#87], p. 1. I have reviewed the orders and recommendations that state the bases for the judgment [#86] entered in favor of the defendants and against the plaintiff. In view of those documents, there is no need to amplify further the stated bases for the dismissal of this case.

The plaintiff asks also that I amend my order [#85] and the judgment [#86] to order that each party bear their own costs, rather than taxing costs against the plaintiff. Under D.C.COLO.LCivR 54.1, a party seeking an award of costs must file a bill of costs with the court within 14 days after the entry of the judgment or final order. No bill of costs was filed by and defendant within 14 days of the entry of the judgment. Thus, any claim by any of the defendants for an award of costs would be untimely and has been

2

forfeited. The issue of costs, as addressed in my final order [#85] and the judgment [#86], is moot, as is the plaintiff's request for amendment of the order and judgment to the extent they address an award of costs.[2]

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion To Amend Judgment** [#87] filed February 9, 2010, is **DENIED**.

Dated March 10, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[2] Two of the plaintiff's claims are claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301 - 4333, 8432b. In his motion, the plaintiff notes, correctly, that under USERRA, "(n)o fees or court costs may be charged or taxed against any person claiming rights under this chapter." 38 U.S.C. § 4323(h)(1). In addition to his two USERRA claims, the plaintiff asserted also 41 other claims. *Complaint* [#1], filed November 18, 2008. The 41 non-USERRA claims are not dependent on the USERRA claims. In light of 38 U.S.C. § 4323(h)(1), the cots provisions of my order [#85] must be construed as awarding costs based on the entry of judgment against the plaintiff based on the dismissal of his 41 non-USERRA claims, and not on the dismissal of his two USERRA claims. At this point, however, such a construction of my order [#85] and the judgment [#86] is purely academic because the issue of costs now is moot.